# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALIAKSANDR SAVITSKI,** | : | **CIVIL ACTION** |
| *Petitioner*, | : | |
| | : | **NO. 26-3674** |
| **v.** | : | |
| | : | |
| **MARKWAYNE MULLIN, Secretary,** | : | |
| **U.S. Department of Homeland** | : | |
| **Security,** *et al.*, | : | |
| *Respondents*. | : | |

## O R D E R

**AND NOW**, this 15th day of June 2026, upon consideration of Aliaksandr Savitski's, ("Petitioner"), *petition for writ of habeas corpus*, (the "Petition"), (ECF 1), Respondents' response in opposition,[1] (ECF 7), Petitioner's reply, (ECF 9), and the declaration of Karyna Schnall, Esquire, (ECF 11), it is hereby **ORDERED** that, for the reasons set forth in the footnote opinion, the Petition is **DENIED**.[2]

---

[1]    Petitioner named as Respondents the following individuals and agencies, *to wit*: Markwayne Mullin, Secretary of the Department of Homeland Security, ("DHS"); Todd Blanche, Acting Attorney General of the United States; Jamal L. Jamison, Warden of Philadelphia Federal Detention Center, (the "FDC"); DHS; and the Executive Office for Immigration Review, ("EOIR"). (ECF 1).

[2]    Petitioner is a citizen and national of Belarus who was admitted into the United States on or about November 11, 2016, on a B-2 tourist visa. (ECF 1 at ¶¶ 4, 6, 79-80); (Form I-213, ECF 7-1 at p. 3); *see also Visitor Visa*, U.S. Department of State, *https://travel.state.gov/content/travel/en/us-visas/tourism-visit/visitor.html* (last visited June 5, 2026) (describing B-2 visas as "for tourism"). Approximately five months later, on April 24, 2017, Petitioner filed an application for asylum and for withholding of removal. (ECF 1 at ¶ 81); (Form I-797C, ECF 1-4 at p. 2). Said application remains pending.

On May 25, 2026, at the Philadelphia International Airport, United States Immigration and Customs Enforcement, ("ICE"), officers apprehended Petitioner pursuant to a DHS warrant issued for his arrest. (ECF 7-1 at p. 3); (DHS Arrest Warrant Form I-200, ECF 7-3); (*see also* ECF 1 at ¶ 82). Upon arrest, the Government provided Petitioner with a Notice to Appear which advised that he was subject to removal pursuant to 8 U.S.C. § 1227(a)(1)(B), a provision that permits removal of noncitizens who overstay a non-immigrant visa. (Notice to Appear, ECF 7-2). Since his arrest, Petitioner has been detained at the FDC. (ECF 1 at ¶ 17).

On May 29, 2026, Petitioner filed the underlying petition for *habeas corpus*, ("Petition"), with the assistance of Antonio A. Maturano III, Esquire, (ECF 1), and a "Request for Bond Redetermination" with DHS in his "removal and bond proceeding[]" where he is represented by Karyna Schnall, Esquire, ("Attorney Schnall"), (ECF 11 at ¶ 3). In the underlying *habeas* Petition, Petitioner argues that his arrest violated his Fourth Amendment rights, and his detention violates his Fifth Amendment Due Process rights

under the United States Constitution. (ECF 1 at pp. 21-22). In the DHS Request for Bond Redetermination, Petitioner argued that he "posed neither a danger to the community nor a risk of flight." (ECF 11 at ¶¶ 1, 3). The Government separately filed a Form I-286 Notice of Custody Determination requesting a bond hearing on Petitioner's behalf. (ECF 7 at p. 4); (Form I-286, ECF 7-5).

On June 3, 2026, the DHS requested bond redetermination hearing was conducted before Immigration Judge Thomas J. Shusted, Jr., ("IJ Shusted"), and Immigration Judge Tamar H. Wilson. (ECF 11 at ¶ 5). Attorney Schnall attended the bond hearing on Petitioner's behalf and submitted documentary evidence in support of Petitioner's eligibility for bond. (ECF 8 at ¶¶ 40-41); (ECF 11 at ¶ 4). Notably, Petitioner was not present at the bond hearing. At the conclusion of the bond hearing, IJ Shusted provided a ruling from the bench, which Attorney Schnall proffered to summarized verbatim as follows:

> I have reviewed the evidence, it was submitted late in that particular matter, I heard the arguments of counsels. I do agree with the Department that he is [a] flight risk because he has not complied with what his requirements would be in order to attempt to become a lawful citizen. I would note certainly that he was picked up at the Philadelphia airport on May 22 of this year coming again specifically . . . I believe because he acknowledged that he was coming back and . . . I feel that the Respondent has not met his burden to show that he would not be a flight risk in this particular case so I am going to deny his request for bond. I don't find him to be a danger to the community.

(*Id.* at ¶ 7) (omissions in original).

On June 3, 2026, the Government also filed a response to the *habeas* Petition. (ECF 7). In its response, the Government argues that 8 U.S.C. § 1252(g) strips this Court of jurisdiction to review the Petition. (*Id.* at pp. 6-7). The Government argues, in the alternative, that Petitioner is being lawfully and constitutionally detained pursuant to 8 U.S.C. § 1226(a), and that he has not exhausted available remedies. (*Id.* at pp. 7-11). On June 4, 2026, Petitioner filed a reply to the Government's response, (ECF 9), and a motion to amend his Petition to add Attorney Schnall's affidavit, (ECF 8). The motion to amend was granted, and Attorney Schnall's affidavit was entered into the record. (ECF 10, 11). The issues presented in the Petition are now ripe for resolution.

### Jurisdiction

A writ of *habeas corpus* is a mechanism by which someone who is held unlawfully in the custody of a government may challenge the legality of his or her detention. This right to challenge one's unlawful detention is afforded to every person within the United States, guaranteed by the United States Constitution. *See* U.S. Const. art. I, § 9 cl. 2. A federal district court is authorized to grant a writ of *habeas corpus* under 28 U.S.C. § 2241 when the petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution and/or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(1), (3). The burden is on the *petitioner* to show that the detention/custody is in violation of the Constitution and/or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Congress may set limits on federal jurisdiction. *See Novo Nordisk Inc. v. Sec'y United States HHS*, 154 F.4th 105, 111 (3d Cir. 2025) ("[W]e must give effect to Congress's will to set the limits of federal jurisdiction."). The Immigration and Nationality Act, ("INA"), contains jurisdiction-stripping provisions.

*8 U.S.C. § 1252(g)*

One of the INA's jurisdiction-stripping provisions is contained at 8 U.S.C. § 1252(g). Specifically. § 1252(g) provides that, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to [1] commence proceedings, [2] adjudicate cases, or [3] execute removal orders against any alien under this chapter." *Id.* However, § 1252(g) applies or "reaches only these three specific actions, not everything that arises out of them." *Tazu v. Att'y Gen.*, 975 F.3d 292, 296 (3d Cir. 2020). The United States Court of Appeals for the Third Circuit, ("Third Circuit"), has held that Section 1252(g) is to be interpreted "narrowly and precisely" to ensure review only of the three narrow discretionary decisions or actions referred to in the statute. *See Garcia v. Att'y Gen.*, 553 F.3d 724, 729 (3d Cir. 2009) (holding that the jurisdiction stripping provision of Section 1252(g) was not applicable where the petitioner was challenging the government's authority to commence removal proceedings, but not the government's discretionary decision to commence those proceedings).

Here, Petitioner challenges the Government's action to detain him without providing a constitutionally sufficient bond hearing, not any of the three specific actions spelled out in Section 1252(g). As such, this Court finds Section 1252(g) does not apply nor does it bar this Court's review of the Petition.

*8 U.S.C. § 1226(e)*

Another jurisdiction-stripping limitation in the INA is contained in 8 U.S.C. § 1226(e), ("Section 1226(e)"), which provides that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any [noncitizen] or the revocation or denial of bond or parole." However, § 1226(e) does not limit *habeas* jurisdiction over constitutional claims. *See Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011) ("[Section 1226(e)] does not limit *habeas* jurisdiction over constitutional claims or questions of law."); *see also Al-Siddiqi v. Achim*, 531 F.3d 490, 494 (7th Cir. 2008) ("[T]his section . . . does not deprive us of our authority to review statutory and constitutional challenges.").

Here, to the extent that Petitioner challenges IJ Shusted's "discretionary judgment" to deny him bond and invites the Court to address the ruling, this Court declines to do so. However, this Court may and will review Petitioner's constitutional due process and Fourth Amendment claims.

**Exhaustion**

Petitioners seeking *habeas* review pursuant to 8 U.S.C. § 2241 "are ordinarily required to exhaust their administrative remedies[.]" *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). "Even if [a] statute does not require exhaustion, courts may, prudentially, require exhaustion." *United States v. Dohou*, 948 F.3d 621, 628 (3d Cir. 2020); *see also Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997) ("It is a basic tenet of administrative law that a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief."). However, prudential exhaustion may be excused "when the challenged agency action presents a clear and unambiguous violation of statutory or constitutional rights." *Dohou*, 948 F.3d at 628-29 (internal quotation marks omitted) (quoting *Susquehanna Valley All. v. Three Mile Island Nuclear Reactor*, 619 F.2d 231, 245 (3d Cir. 1980)).

Here, Petitioner has not fully exhausted his administrative remedies as there is no evidence that Petitioner's bond determination has been appealed to the Bureau of Immigration Appeals, ("BIA"). From the BIA, appeals go directly to the appellate court, (*i.e.*, here, the Third Circuit), not to the district court. Despite not having exhausted his administrative remedies, this Court must determine whether the alleged due process violations rise to the level of "clear and unambiguous violation[s] of . . . constitutional rights" that justify excusing prudential exhaustion. *Id.* This Court finds that the alleged due process violations do not.

3

*Due Process Requirements of Immigration Judge Bond Hearings*

While Petitioner concedes that he received a bond hearing pursuant to 8 U.S.C. § 1226(a), he "challenges whether the [bond] process available to him satisfie[d] constitutional requirements." (ECF 9 at ¶ 25). As such, Petitioner argues that his bond hearing did not comport with due process because, *inter alia*, IJ Shusted based his denial of bond on Petitioner's underlying immigration proceedings rather than on any evidence demonstrating an actual danger to the community or flight risk. (*Id.* at ¶ 45).

"The Fifth Amendment protects the liberty of all persons within our borders, including [noncitizens] in immigration proceedings who are entitled to due process of law — that is, a meaningful opportunity to be heard — before being deported." *Amos v. Att'y Gen*, 157 F.4th 313, 323 (3d Cir. 2025) (alteration in original) (quoting *Serrano-Alberto v. Att'y Gen.*, 859 F.3d 208, 211 (3d Cir. 2017)). The Fifth Amendment "entitles a petitioner to (1) factfinding based on record evidence produced before the [Immigration Judge] and disclosed to the petitioner; (2) the ability to make arguments on his or her own behalf; and (3) the right to 'an individualized determination of [his/her] interests.'" *Id.* (alteration in original) (quoting *Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001)).

"A noncitizen asserting a due process violation must generally show (1) 'that he was prevented from reasonably presenting his case,' and (2) 'that substantial prejudice resulted.'" *Freza v. Att'y Gen.*, 49 F.4th 293, 298 (3d Cir. 2022) (quoting *Serrano-Alberto*, 859 F.3d at 213). "To show substantial prejudice, the noncitizen must establish 'that the infraction ha[d] the *potential* for affecting the outcome' of their removal proceedings." *Id.* (alteration and emphasis in original) (quoting *Serrano-Alberto*, 859 F.3d at 213).

At a bond hearing, "[t]o determine whether a [noncitizen] is a danger to the community or a risk of flight, an [Immigration Judge] weighs nine factors under BIA precedent." *Martinez v. Clark*, 124 F.4th 775, 783 (9th Cir. 2024) (citing *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)). "The nine factors an [Immigration Judge] 'may' consider 'include any or all of the following:'

> (1) whether the [noncitizen] has a fixed address in the United States; (2) the [noncitizen's] length of residence in the United States; (3) the [noncitizen's] family ties in the United States, and whether they may entitle the [noncitizen] to reside permanently in the United States in the future; (4) the [noncitizen's] employment history; (5) the [noncitizen's] record of appearance in court; (6) the [noncitizen's] criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the [noncitizen's] history of immigration violations; (8) any attempts by the [noncitizen] to flee prosecution or otherwise escape from authorities; and (9) the [noncitizen's] manner of entry to the United States.

*Id.* (quoting *Guerra*, 24 I. & N. Dec. at 40).

Here, it is undisputed that Petitioner was given his statutorily and constitutionally required bond hearing. Attorney Schnall attests that she represented Petitioner at the June 3, 2026 bond hearing before IJ Shusted. (ECF 11 at ¶ 5). Attorney Schnall submitted evidence ahead of the hearing to establish that Petitioner was neither a danger to the community, nor a flight risk, which IJ Shusted acknowledged receiving *albeit* late. (*Id.* at ¶¶ 3-5). After hearing the evidence and argument, IJ Shusted determined that Petitioner was a flight risk because, *inter alia*, he was apprehended at an airport and had not complied with the rules related to his visa. (*Id.* at ¶ 7). IJ Shusted also concluded that Petitioner was not a danger to the community.

Based on the foregoing events, Petitioner has offered no evidence or reason to find that the bond hearing and the resultant decision by IJ Shusted failed to comply with the due process requirements under the Fifth Amendment for a Section 1226(a) bond hearing. *See Amos*, 157 F.4th at 323. The decision was

4

It is further **ORDERED** that since the *habea*s Petition has been denied, the Order entered on May 29, 2026 requiring an answer is **VACATED**. The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

simply not favorable to Petitioner. Because there was no "clear and unambiguous violation of statutory or constitutional rights[,]" *Dohou*, 948 F.3d at 628-29, Petitioner must exhaust his claims by exercising his appellate rights before the BIA, not this Court.

*Fourth Amendment Unlawful Seizure*

"The Fourth Amendment protects '[t]he right of the people to be secure in their persons[ ] . . . against unreasonable searches and seizures[.]'" *DeLade v. Cargan*, 972 F.3d 207, 210 (3d. Cir. 2020) (quoting U.S. Const. amend. IV). In interpreting this Constitutional provision, "[t]he Supreme Court has repeatedly said that 'the general rule [is] that Fourth Amendment seizures are reasonable only if based on probable cause to believe that the individual has committed a crime.'" *Id.* (quoting *Bailey v. United States*, 568 U.S. 186, 192 (2013)). "The Supreme Court has also long held that a claim alleging unlawful pretrial detention falls under the umbrella of the Fourth Amendment's protections against unreasonable searches and seizures." *Id.*

"The [INA], which governs immigration, gives the Attorney General the power to issue warrants for the arrest and detention or release of [noncitizen] 'pending a decision on whether [he or she] is to be removed from the United States.'" *United States v. Soriano Nunez*, 928 F.3d 240, 245 (3d Cir. 2019) (quoting 8 U.S.C. § 1226(a)); *see also Morales v. Chadbourne*, 793 F.3d 208, 216 (1st Cir. 2015) (holding the same); *cf. Creedle v. Miami-Dade Cty.*, 349 F. Supp. 3d 1276, 1299 (S.D. Fla. 2018) (allowing Fourth Amendment claim related to an immigration detention to proceed because the plaintiff was detained "*without a warrant*" (emphasis added)). Here, Petitioner was arrested pursuant to a DHS arrest warrant. (*See* DHS Arrest Warrant Form I-200, ECF 7-3). Petitioner argues that there was no probable cause or reasonable suspicion to support the warrant. (*See* ECF 1 at p. 21). However, both Petitioner's Form I-213, (Form I-213, ECF 7-1 at p. 3), and Notice to Appear, (Notice to Appear*, ECF 7-2), indicate that the arrest warrant was issued based on Petitioner's decision to overstay his tourist visa in violation of 8 U.S.C. § 1227(a)(1)(B). *See Hernandez v. Garland*, 52 F.4th 757, 766 (9th Cir. 2022) ("[I]nformation on an authenticated immigration form is presumed to be reliable in the absence of evidence to the contrary presented by the [noncitizen]."). Because Petitioner was arrested on a warrant pursuant to Section 1226(a), this Court finds that Petitioner has not established that his arrest violated his Fourth Amendment rights.

**Conclusion**

In conclusion, the INA required the Government to provide Petitioner a bond hearing, at which an immigration judge would make an individualized determination on whether Petitioner should be detained pending his removal proceedings. Petitioner was provided a bond hearing on June 3, 2026, wherein IJ Shusted determined Petitioner was a flight risk and should be detained pending his removal proceedings. Petitioner has yet to exhaust his administrative remedies, *Moscato*, 98 F.3d at 760, and this Court has not found "clear and unambiguous violation[s] of . . . constitutional rights[,]" *see Dohou*, 948 F.3d at 628-29, that would permit waiving of prudential exhaustion. Therefore, the *habeas* Petition is denied.

5